IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WALTER LANGSTON,

   Plaintiff,      No. CIV S-11-1662 DAD P

 vs.

ARTHURO REYES et al.,

   Defendants.    ORDER

_____/

   Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1).  Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c).  (Doc. No. 4.)

## SCREENING REQUIREMENT

   The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

/////

1

granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

2

Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

### PLAINTIFF'S COMPLAINT

In the present case, plaintiff has named defense attorney Authuro Reyes and deputy district attorney Stephen Choe as the defendants.  In his complaint plaintiff alleges that in 2008, his criminal case was set for trial, and that he chose to represent himself.  According to the allegations of the complaint, defendant Reyes was supposed to confer with the "pro per coordinator" about transferring the appropriate files to plaintiff, but defendant Reyes failed to do so in a timely manner.  Plaintiff alleges that he felt as though he was being coerced into a plea deal without having received the appropriate case files and, ultimately, the California Court of Appeal agreed with him when it reversed his conviction.   (Compl. & Attachs.)

On remand to the Sacramento County Superior Court, plaintiff had a newly-appointed attorney.  However, plaintiff alleges that defendant Reyes still refused to turn over the appropriate materials, and defendant Choe encouraged defendant Reyes' improper conduct.  In this regard, plaintiff contends that the defendants interfered with his efforts to put forth a defense and present an adequate argument during his suppression hearing.  Plaintiff claims that the

3

1  defendants have denied him access to the courts in violation of the First and Fourteenth

2  Amendments.  In terms of relief, plaintiff requests monetary damages.  (Id.)

3  **DISCUSSION**

4  A civil rights action is the proper mechanism for a prisoner seeking to challenge

5  the conditions of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991).  In contrast,

6  habeas corpus proceedings are the proper mechanism for a prisoner seeking to challenge the fact

7  or duration of his confinement.  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  Here, plaintiff's

8  allegations and claims imply that the defendants' conduct resulted in his criminal conviction and

9  sentence.  However, plaintiff has not indicated that his ultimate conviction has been overturned

10 or otherwise invalidated.

11 Under these circumstances, the court cannot allow plaintiff to proceed in this civil

12 rights action.  See Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) ("a state prisoner's § 1983

13 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable

14 relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal

15 prison proceedings) - if success in that action would necessarily demonstrate the invalidity of

16 confinement or its duration.") (emphasis in original); Heck v. Humphrey, 512 U.S. 477 (1994) (a

17 state prisoner may not recover damages under § 1983 for allegedly unconstitutional

18 imprisonment, or for any other harm caused by "actions whose unlawfulness would render the

19 imprisonment invalid," unless he can prove that the conviction or other basis for confinement has

20 been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal

21 authorized to make such a determination, or called into question by a federal court's issuance of a

22 writ of habeas corpus).  A writ of habeas corpus is plaintiff's sole remedy by which to attack in

23 federal court his state court criminal conviction and sentence, and that remedy may be pursued

24 only after he has properly exhausted all of his constitutional claims by presenting them first to the

25 California Supreme Court.

26 /////

1                                 **CONCLUSION**

2           Accordingly, IT IS HEREBY ORDERED that:

3           1.  Plaintiff's motion to proceed in forma pauperis (Doc. No. 6) is denied; and

4           2.  This action is dismissed without prejudice.

5    DATED: August 2, 2011.

6

7

8    DAD:9
     lang1662.56

9

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

5